James C. Fulton, Louise A. Fulton, Samuel M. Fulton and John F. Fulton, Appellants, *v.* Joseph S. Miller.

*Partition—Practice, C. P.—Accounting—Equity.*

A bill in equity is the proper remedy for the settlement of accounts, and the court will not settle complicated accounts between the parties in partition proceedings, so as to give plaintiffs larger interests than those which they have specified in their pleadings.

Argued May 15, 1899. Appeal, No. 286, Jan. T., 1898, by plaintiffs, from order of C. P. York Co., Aug. T., 1897, No. 1, making absolute a rule for distribution in partition. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to show cause why distribution should not be made in partition proceedings.

The facts appear by the opinion of W. F. BAY STEWART, J., which was as follows :

This was an action of partition commenced by James C. Fulton, Louise A. Fulton, Samuel M. Fulton and John F. Fulton, who inherited the real estate of A. C. Fulton, demandants, against Dr. J. S. Miller, defendant.

The plaintiffs in their declarations aver that they are each entitled to a one-eighth interest in the land proposed to be divided, and that the defendant is entitled to four eighths of the same. There was an appearance for the defendant by counsel, but no defense or denial of the allegations of ownership in or title to the real estate described. After this appearance the court, upon an examination of the title and quantity of the parts and purparts of the defendant as well as of the plaintiffs, found them to be as set forth in the plaintiffs' declaration and, in accordance with the Act of April 7, 1807, sec. 1, Br. Purd. Dig. 1639, pl. 5, thereupon entered judgment quod partitio fiat, and awarded a writ de partione facienda. Upon this writ the sheriff returned that the property could not be parted and divided so as to give each and every person his or her aliquot part thereof without prejudice to or spoiling the whole thereof,

but divided it into three parts and appraised each part at $2,000. A rule on the parties to accept or refuse was granted and served, and all refused, whereupon an order of sale was issued and the property sold, and deeds made and delivered to the purchasers by the sheriff, and the purchase money paid to him. The defendant procured this rule to show cause why the proceeds, after deducting costs and counsel fees, should not be decreed to the parties in accordance with their respective interests in the property as shown by the proceedings. To this rule the demandants have filed an answer alleging in substance that, while the title to said real estate is as averred, yet the equity therein is different; that houses were erected on said real estate and that A. C. Fulton, whose interest therein they claim, contributed much the larger proportion of the money for that purpose, and that Miller is therefore indebted to them in the amount of the excess, and they further claim that these facts were shown in the distribution of the balance on the personal account in the estate of A. C. Fulton, and the claim was rejected before the auditor and by the court in that proceeding, and they were referred to the real estate for the recovery of this difference, and they point to the record of those proceedings and to Fulton's Appeal, 178 Pa. 78, to sustain the position. They ask that an auditor be appointed to make a distribution of this fund among the several parties entitled to receive the same according to their respective rights and proportions. No replication was filed to this answer, and therefore for the purposes of this motion these allegations may be taken as true.

The whole question here is whether the demandants, after having declared upon the record that they are each entitled to one-eighth interest in the real estate, and that Dr. Miller is entitled to four eighths, can now claim in this proceeding larger proportions of its proceeds. Had the real estate been capable of a division into eighths as claimed, and demanded by them, manifestly, they could not have encroached upon the defendant's four eighths on account of any such after allegation. The plaintiffs, at the argument of the motion, admit this to be so as a general proposition, but they point to the opinion of the Supreme Court in Fulton's Appeal, supra, as their authority for this claim. A careful reading of that opinion fails to disclose to my mind any support for such a proposition. The

plaintiffs had a choice of remedies for this partition. Instead of bringing an action of partition at law they could have filed a bill in equity : Brown's App., 84 Pa. 457 ; Act of July 7, 1885, P. L. 257, 1 Br. Purd. Dig. (12th ed.) 779, pl. 22. This would have enabled them to declare the ownership and the equities in the property, and to have had them adjusted in accordance with the findings of fact made by a master if disputed, and to have had the decree moulded accordingly, but had they averred the ownership even in a bill in equity as was done in the declaration in this action, they would have been bound by it : Bispham's Equity, sec. 490. "Where one joint owner has put improvements on the property, he will receive compensation for his improvements either by having the part on which the improvements are, assigned to him at the value of the land without the improvements, or by compensation directed, to be made for them:" Bispham's Equity (3d ed.), sec. 489, note 3, also secs. 490, 492.

The Act of April 7, 1799, 2 Br. Purd. Dig. 1641, 1642, pl. 18, provides that the money or securities, the proceeds of property sold by the sheriff after proceedings in partition, "shall be brought into court . . . ." to be distributed and paid by "order of said court to and amongst the several parties entitled to receive the same, in lieu of their respective parts and purparts of the said lands and tenements according to their just rights and proportions." This language must be construed with reference to the whole purview of the act, which nowhere contemplates the adjustment of equities not arising out of the title itself. Such a distribution evidently means one based upon the facts alleged and found upon the record preceding such distribution. The plaintiffs have fixed their status by their allegations of ownership, admitted by the defendant, upon which they procured the entry of the judgment, and they cannot now aver against it. They are estopped to allege a different or greater interest in the property or its proceeds : Herman on Estoppel, secs. 817, 818, 820–822.

The rule is therefore made absolute and decree directed to be entered in accordance with the interests of the parties as shown by the pleadings after deducting the costs and a counsel fee of $100 to be taxed in favor of the plaintiffs' counsel.

*Error assigned* was the order of the court.

*Smyser Williams* and *Nevin M. Wanner*, with them *Richard E. Cochran*, for appellants.—In order to bring all matters into " a common settlement " and to " terminate the litigation " we have contended that the proceeds of sale of the real estate sold by the sheriff after this action of partition must be brought into hotchpot with the moneys expended in its purchase and improvement and with the other assets of this estate, and the whole matter disposed of by this auditor.

*N. S. Ross* and *E. Chapin*, for appellee.—A judgment in a proper court, upon the facts contained in the record, puts an end to all further litigation, not only as to the particular claim then before the court, but also as to all claims on account of the same subject-matter: Bell y. Allegheny County, 184 Pa. 296; Herman on Estoppel, sec. 817.

PER CURIAM, May 24, 1899:

The decree in this case is affirmed on the opinion of the learned court below. The settlement of the complicated accounts between the parties cannot be adjusted in this proceeding. Had the suggestion made in the opinion of this court in Fulton's Appeal, 178 Pa. 78, been followed, it is quite probable this litigation would have been ended before now, but as that has not been done, a bill in equity is perhaps the only available remedy.

Decree affirmed and appeal dismissed at the cost of the appellants.