200   545
206   597
206   598

## Fulton's Estate.

*Decedent's estate—Mutual accounts—Jurisdiction of orphans' court.*

The orphans' court has no jurisdiction to settle mutual and complicated accounts between a claimant and a decedent, the matters of which had never been separated by the parties themselves. Such an account can only be adjusted in a court of general equity jurisdiction. If the claimant, although warned by the Supreme Court of the lack of jurisdiction of the orphans' court persists in proceeding before the auditor appointed by the orphans' court, a report by the auditor in his favor will be set aside, and a decree will be entered that proceedings shall be suspended for a short period to permit the claimant to file a bill in a court of equity, and to prosecute it with diligence to final hearing, with leave to the court, however, if the claimant should not file his bill within the specified time, or if the delay should appear to be seriously injurious to other parties, to make distribution to the parties in interest, exclusive of the claimant, either with or without requiring refunding bonds as might appear to be equitable.

Argued May 21, 1901. Appeal, No. 288, Jan. T., 1900, by James C. Fulton, executor of James S. Fulton, deceased, from decree of O. C. York Co., sustaining exceptions to auditor's report in the estate of A. C. Fulton, deceased. Before McCoL-LUM, C. J., MITCHELL, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of Daniel K. Trimmer, Esq., auditor.

The facts appear by the previous reports of the case in 178 Pa. 78, and 192 Pa. 60, and by the opinion of W. F. BAY STEWART, P. J., which was as follows:

The controversy raised by these exceptions is becoming hoary. It met me when I first ascended this bench more than four years ago, and it is still here with possibly a little less vigor

than then, due perhaps to age and exhaustion. It appears in the report of the court of last resort in 178 Pa. at page 78, and again in 192 Pa. at page 60, but the end apparently is not yet.

In deciding Fulton's Appeal, 178 Pa. 78, the Supreme Court determined a single question finally, namely, that the book account of Dr. J. S. Miller against the decedent was not a legal claim; that the rendition and value of the services sought to be recovered could not be established by the doctor's private book as a book of original entries.

The decree of the orphans' court was reversed, and this opened and left open all matters in controversy between the parties. The court in that case said, in reference to the claims, then and still in controversy: "There is nothing to enable the court to say that when the whole account is stated the balance due by decedent on these two items (the slate quarry and Klinedinst claims) may not be offset by a balance due him on others. The effect of the adjudication is to allow appellee (Dr. Miller) to enforce payment of a part of an admittedly unsettled account and to turn over the other side to another suit for what may be due to him. This cannot be done. The matters are closely interwoven and were never separated by the parties; they must go together to a common settlement now. The orphans' court could not deal adequately with the whole account, nor can we in this proceeding. None of the items therefore can be separately allowed."

Every word of this quotation is as applicable to the present stage of the controversy as it was then. To confirm this distribution would put into the hands of Dr. Miller the amount of the two items—the slate quarry and the Klinedinst claims which were allowed in the previous report, and which the Supreme court said could not be separately allowed, because they might be offset by a balance due by him to the decedent.

But it is contended that all matters arising out of the real estate and building transactions were adjudicated in the proceedings in partition, and that any item having reference thereto cannot be considered in any further litigation between the parties because res adjudicata.

I do not so understand it. Fulton's Second Appeal, 192 Pa. 60, determined only the question that the parties having brought

a suit at law in partition, and having declared that Dr. J. S. Miller's interest in the real estate was four eighths of the whole and judgment quod partitio fiat having been entered on that declaration, and the property sold, and the proceeds brought into court for distribution, they could not then allege that he was entitled to a less amount, and as said in the syllabus of that case that "the court will not settle complicated accounts between the parties in partition proceedings, so as to give the plaintiffs larger interests than those which they have specified in their pleadings."

The Supreme Court further said in Fulton's Appeal, 178 Pa, 90 : "This is a case for amicable adjustment by reference to one or more arbitrators to take up the whole account in the same capable manner that the learned auditor took up the part he thought within his jurisdiction, and reach as equitable a result as is now possible. Failing to agree on this, however, the parties must be left to their remedies as a whole."

In the second appeal, 192 Pa. 68, the court said: "The settlement of the complicated accounts between the parties cannot be adjusted in this proceeding. Had the suggestion made in the opinion of this court in Fulton's Appeal, 178 Pa. 78, been followed, it is quite probable this litigation would have been ended before now, but as that has not been done, a bill in equity is perhaps the only available remedy."

In the first appeal it is held that the orphans' court cannot deal adequately with the whole account, and in the second that the equities could not be adjusted by the common pleas in the partition proceedings. This seems to reduce the question to a simple proposition. If the orphan's court could not deal adequately then with the whole account, it cannot do so now, and therefore nothing remains but a bill in equity to investigate and determine the relations and obligations of the parties to each other and the amount owing by each to the other.

The matter was referred back to the auditor in the hope that the suggested amicable method might be followed and the controversy ended, but this has not been done. The parties have stood and still stand upon their strict legal rights. This they have a perfect legal right to do, expensive and dilatory though it may be.

The exceptants by their eighth exception raise the question

of the power or jurisdiction of the orphan's court to deal with the various items of the unsettled account between the claimant, Dr. J. S. Miller, and the decedent. This objection in view of what has preceded, is fatal to the report. This exception is sustained, and without considering or deciding the questions raised by the other exceptions, the report is set aside. And it is further ordered and directed that the distribution be suspended until the contesting parties shall have either compromised or adjusted their respective claims, or shall, by a proceeding in equity have had all the controverted claims tried and adjudicated.

*Error assigned* was the decree of the court.

*Richard E. Cochran* and *N. M. Wanner*, with them *Smyser Williams*, for appellant.

*Edward Chapin* and *N. Sargent Ross*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, October 11, 1901:

The opinion of the learned judge below states with entire accuracy the present position of this controversy, and the results of the decisions in 178 Pa. 78, and 192 Pa. 60. We therefore affirm the order on his opinion, but equity under all the circumstances requires a slight modification. The parties have been distinctly notified, both by the orphans' court and by this court, that their accounts could not be settled in this proceeding, and that it was a case for amicable reference or a bill in equity. The fact that the appellee's claim has been reduced to two items does not vary the status of the case, for it clearly appears that these items are not separate debts of the decedent which could be proved in the orphans' court, but are parts of numerous transactions in which there were mutual obligations, requiring an account which can only be adjusted in a court of general equity jurisdiction.

Notwithstanding this repeated warning, however, the parties have not chosen to regard it. Without going at all into the merits, the appellee is the one technically in fault. He came into court with a claim which could not be adjudicated there, and he was so told and the proper forum pointed out to him.

He has refused or neglected to proceed. It is not equitable that he should hold the settlement of the estate in suspense indefinitely. The suspension therefore should be for such short, definite period as the court may deem sufficient to permit the appellee to file a bill and to prosecute it with diligence to final hearing; with leave nevertheless to the court on motion of the appellant, in case the appellee shall fail to file his bill within the specified time, or in case the delay in the settlement of the estate shall appear ,to be seriously injurious, to proceed to make distribution of the fund in court to the parties claiming, exclusive of the appellee, either with or without requiring refunding bonds as may appear to be equitable.

With this modification the decree is affirmed on the opinion of the court below.