## Mulligan's Estate.

*Orphans' court—Jurisdiction—Decedents' estates—Claim for damages—Examination of internal management of foreign corporation—Foreign corporation—Corporations.*

1. The orphans' court has no jurisdiction to determine the question of a claim for damages against a decedent based on alleged mismanagement of the affairs of a foreign corporation, where such question cannot be considered without a review of the entire business and internal management of the corporation.

2. In such case, distribution of the estate will be suspended until the claim can be settled in a proper court, if there is due diligence on the part of the claimant.

Argued April 11, 1922. Appeal, No. 327, Jan. T., 1922, by O. D. McHenry Lumber Co., from decree of O. C. Luzerne Co., No. 717 of 1919, dismissing claim for want of jurisdiction, in estate of E. W. Mulligan, deceased. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Adjudication of decedent's estate. Before FREAS, P. J. The opinion of the Supreme Court states the facts.

Claim of O. D. McHenry Lumber Co. dismissed. Claimant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*H. Montgomery Smith* and *R. W. Rymer,* with him *Clinton Herring,* for appellant.—The court had jurisdiction: Phillips v. R. R., 107 Pa. 465; Lightner's Est., 144 Pa. 273; Strouse v. Lawrence, 160 Pa. 421; Barclay v.

Barclay, 230 Pa. 467; McMurray's App., 101 Pa. 421; Fitzgerald's Est., 252 Pa. 568; McGlinn's Est., 270 Pa. 373; Ritchey's Est., 8 Pa. Superior Ct. 527; Piper's Est., 208 Pa. 636; Odd Fellow Bank's App., 123 Pa. 356.

*F. W. Wheaton,* with him *P. F. O'Neill* and *James L. Morris,* for appellee.—The orphans' court had no jurisdiction: Fulton's Est., 200 Pa. 545; Kelly v. Thomas, 234 Pa. 419; Van Dyke's App., 60 Pa. 481.

OPINION BY MR. JUSTICE FRAZER, May 25, 1922:

This appeal is from a decree of the orphans' court dismissing plaintiff's claim against decedent's estate for breach of contract because the court was without jurisdiction to determine the question of damages, involving the management and settlement of the affairs of a foreign corporation.

The O. D. McHenry Lumber Company, of Virginia, owned a large tract of timber land, and, at the instance of appellant, the O. D. McHenry Lumber Company of Pennsylvania, leased the land to decedent with the understanding that the lease would be assigned to the Virginia Lumber and Extract Company, a corporation then in process of organization. In consideration of its services in procuring the execution of the lease, appellant was to receive nine-sixteenths of the net earnings of the Virginia Lumber and Extract Company derived from the lumbering operations on the tract until the earnings so paid should amount to $100,000. To secure such payments the contract provided that $275,000 of the capital stock of the latter company should be placed in the hands of a trustee and the dividends declared on the stock applied toward the $100,000, and, upon payment of this amount in full, the stock should be returned. The promoters of the Virginia Lumber and Extract Company of whom deceased was one, by writing endorsed on the lease, personally agreed to become responsible for the performance of all the terms of the lease by the person

who signed it on behalf of the Virginia Lumber and Extract Company. The organization of this latter company was subsequently completed and the entire capital stock issued to deceased as consideration for the timber land and by him subsequently placed in a voting trust. The company began business and after operating slightly over a year ceased operations with a net profit of $16,-262.84. All property owned by the company was later sold but nothing paid to claimant under the lease out of the sum realized from the sale. Demand was made on deceased to deliver the stock to the trustee and, after the death of the former, demand was made on his executors for an accounting of nine-sixteenths of the net earnings and for damages for loss caused by failure of the company to carry out the contract guaranteed by deceased.

While the agreement provides for the appropriation of nine-sixteenths of the profits to the payment of the sum due the O. D. McHenry Lumber Company, this requirement is followed by the further provision,—"in order to carry out this agreement,"—for the placing of an equal portion of the capital stock in trust "until dividends shall or may be declared on the stock held by the trustees" amounting to the sum named. No dividends were ever, in fact, declared. Whether the failure to declare dividends out of the profits made during the one year or more of the company's existence as a going concern was justified by its general financial condition, or whether the board of directors of the Virginia Lumber and Extract Company, of which deceased was a member, acted in good faith in failing to declare a dividend, or whether the subsequent failure of the company was due to fraud or gross mismanagement for which it was alleged deceased was responsible by virtue of his control of the company through the voting trust, are questions involving the internal management of a foreign corporation. Even if we assume, by reason of the fact that the proceeding is not against the corporation itself but against

the estate of one who guaranteed its undertakings, and the rule which holds our courts will not assume jurisdiction to examine into the internal management of a foreign corporation (Thompson v. Southern Connellsville Coke Co., 269 Pa. 500) does not apply, the fact remains that the question whether there was mismanagement of the business for which deceased was responsible cannot be considered without a review of the entire management of the company. Under these circumstances, the orphans' court properly refused to assume jurisdiction and left claimant to pursue his remedy in a proper court: Fulton's Est., 200 Pa. 545; Miller v. Fulton, 206 Pa. 595.

The decree of the court below is affirmed and it is directed that distribution of the estate be suspended until appellant's claim can be settled in a proper court, provided appellant shall proceed without unnecessary delay and prosecute the proceeding with due diligence. The costs of this appeal to be paid by appellant.