## Ferrar Estate.

Argued January 10, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Earl V. Compton,* with him *James W. Scanlon, William J. Garvey,* and *Compton, Handler & Berman,* for appellant.

*Russell J. O'Malley,* with him *Sheldon Rosenberg,* and *Nogi, O'Malley & Harris,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 18, 1957:

This appeal is from an order of the Orphans' Court of Lackawanna County dismissing appellant's exceptions and confirming a joint account filed by a removed administrator and an administrator pro tem. The account states assets to be turned over to an administrator d.b.n.

Albert Ferrar died intestate and his son Francis was appointed administrator of the decedent's estate by the Orphans' Court of Lackawanna County. Later,

Carmalia Horetsky, a daughter of the decedent was appointed administratrix pro tem. Francis Ferrar subsequently was removed as administrator, and his brother Anthony was appointed administrator d.b.n. upon his entry of a surety bond in the sum of $20,000.

The estate instituted an assumpsit action against Ray E. Steward in the Court of Common Pleas of Dauphin County. Defendant Steward counterclaimed against the estate and a verdict was entered in his favor in the amount of $8,042.01. The Court of Common Pleas of Dauphin County set aside the verdict and ordered a new trial. Prior to the order of a new trial a final account was filed by the removed administrator and the administratrix pro tem in the orphans' court. The accountants made no provision for the payment of Steward's claim and took a credit of $13,158.95 for distribution previously made to the heirs of the decedent without order of court. The final account showed a balance of $25,426.97, consisting in the main of cash and securities. Steward, the only creditor of the estate, filed exceptions to the failure of the accountants to make provision for securing his claim and to the credit claimed by the accountants for distribution already made. On the adjudication the orphans' court directed that the sum of $10,000 be impounded as security for payment of Steward's verdict and dismissed his other exceptions. The orphans' court was then advised that a new trial had been granted by the Dauphin County Court in the matter of Steward's counterclaim against the estate. Thereupon, the orphans' court revoked the impounding order and dismissed all of Steward's exceptions. From this last order Steward now appeals.

This action of the orphans' court is governed by the Fiduciaries Act of 1949, Section 619, which provides as follows: "When any claim not proved in the

orphans' court is being litigated in any other court, State or Federal, having jurisdictions thereof, the court may make such provision for the disposition or satisfaction of the claim as shall be equitable." Act of April 18, 1949, P. L. 512, 20 P.S. §320.619.

The orphans' court in the exercise of its equitable power has always had discretion to determine what action should be taken by a fiduciary in the administration of an estate to protect both creditors and legatees. This provision of the Fiduciaries Act, therefore, is merely declaratory of prior law.

In *Thompson's Estate*, 130 Pa. Superior Ct. 263, 269, 197 A. 547 (1938), the Superior Court sustained the refusal of the Orphans' Court to impound a fund or delay final distribution of an estate pending the outcome of litigation brought by a creditor in another jurisdiction, holding that: "it is in the sound discretion of the orphans'. court to decide whether or not a fund will be impounded to await the outcome of the action at law."

We do not find that the lower court abused its discretion by approving the distribution already made and refusing the impounding order.

The appellant complains that the order of the orphans' court, in effect, removed $13,158.95 (the distribution already made to the heirs of the decedent), from the fund to which he and other creditors were entitled to look for payment, and casts upon them the risk that on the final accounting of the administrator d.b.n. there will be insufficient funds to pay their claims in full. The record does not disclose the existence of any other creditor except the appellant. Neither in his brief nor at oral argument was appellant able to demonstrate the possible existence of any claim against the estate in addition to his own. The appellant's claim is unliquidated and the account now shows a balance ample to provide for payment. The funds

of the estate are held by the administrator d.b.n who has filed a surety bond in the amount of $20,000 to protect appellant against mal-administration. The accountants make no request for additional distribution but are merely asking approval of their account showing the balance to be paid over to the administrator d.b.n.

Under these circumstances we are satisfied that the lower court's order refusing an impounding of funds to secure appellant's claim and the dismissing of his exceptions does not constitute an abuse of its discretion.

Order affirmed. Costs of this appeal to be paid by the appellant.