Mellon Estate.

Argued September 26, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

*David Berger* and *Philip C. Patterson,* with them *Gerald J. Rodos, Edwin P. Rome, Norman L. Holmes, Donald J. Farage, Edward McDaid, David Berger,* P.A., *Blank, Rome, Klaus & Comisky* and *Farage and Schrager,* for appellants.

*Gilbert J. Helwig,* with him *Henry P. Hoffstot, Jr., A. M. Wiggins, Jr., Joseph D. Hughes, Mason Walsh, Jr.* and *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, January 24, 1974:

The Orphans' Court Division of the Court of Common Pleas of Westmoreland County on November 3, 1972, overruled appellants' objections to the distribution proposed by the executors of the estate of Richard K. Mellon and confirmed absolutely the executors' accounts and distributions previously made. On December 29, 1972, the court en banc filed an opinion dismissing appellants' exceptions to the earlier decree. On the record before us it is unclear whether the auditing judge fully exercised the discretion granted by section 3389 of the Probate, Estates and Fiduciaries Code.[1] We therefore are obliged to vacate the decree and remand this matter to the orphans' court for further consideration.[2]

---

[1] 20 Pa. S. § 3389 (Special Pamphlet 1972) (formerly § 619 of the Fiduciaries Act of 1949, P.L. 512, 20 P.S. § 320.619).

[2] Appellee-executors have moved to quash the appeal of the Trustees of the Property of the Penn Central Transportation Company (No. 87 March Term 1973) on the basis of a violation of this Court's Rule 22 which mandates lodging a writ of certiorari in the lower court within ten days of issuance. Since the orphans' court on remand will necessarily consider the propriety of postponing distribution of any part of decedent's estate, quashing the appeal of any one plaintiff would have no effect on the present disposition of this controversy.

Furthermore, since this Court has acquired jurisdiction over the subject matter of this case through the timely filing of two appellants representing substantially the same interests and positions in the litigation, the late filing of the writ by the Trustees, while certainly not a practice which this Court approves, is, in this instance, not a significant defect. While noting our general policy of the strict enforcement of our court rules, in view of the disposition of this appeal the motion to quash the appeal of the Trustees is denied. See *Harmon v. Tanner Motor Tours, Ltd.,* 79 Nev. 4, 377 P.2d 622 (1963).

Richard K. Mellon died testate on June 3, 1970, and letters testamentary were granted eight days later.[3] On October 6, 1972, the executors' first and partial account and supplemental account, together covering administration to September 12, 1972, were called for audit. At the audit, counsel for the Penn Central Reorganization Trustees[4] objected to the proposed distribution and filed a memorandum in support of their objections. The basis of these objections was assertion of the estate's potential liability for some portion of the losses sustained by the Penn Central Transportation Company during decedent's tenure as a director of that corporation.

The auditing judge, on November 3, 1972, confirmed absolutely the executors' accounts and proposed schedule of distribution. The balance of $1,628,226.60 principal and $204,074.00 income was awarded to the executors for further administration.[5] The court en banc af-

The executors have also moved for the dismissal of the appeal of each of the appellants because of delays in the filing of and formalities of the briefs and record. See Pa. Supreme Ct. R. 33, 39 & 57. The defects asserted by the executors do, in fact, exist. Nevertheless, the technical nature of these defects, the good faith effort of appellants' attorneys, the filing of a supplemental record by appellants, and the absence of any prejudice to appellees lead us to entertain the appeals. The motion to dismiss the appeal is denied.

[3] The executors named in the will to serve without bond and granted letters are Constance Prosser Mellon (now Burrell), Richard P. Mellon, Seward Prosser Mellon, Joseph D. Hughes, Luther G. Holbrook, and the Mellon National Bank and Trust Company (now Mellon Bank N.A.).

[4] Counsel for the Trustees was authorized to speak for all plaintiffs in the Penn Central securities litigation. The plaintiffs include: (1) the Trustees of the Property of the Penn Central Transportation Company, (2) the Penn Central Company (holding company), and (3) Richard S. Robinson, and others, a class of shareholders of the Penn Central Company. *In re Penn Central Securities Litigation*, M.D.L. Docket No. 56 (E.D. Pa.).

[5] The total amount available for distribution is $179,169,895.34.

firmed on December 29, 1972. A motion for reconsideration of the dismissal of exceptions and a petition to require residuary beneficiaries to refund distribution made by the fiduciaries prior to the decree were denied on January 24, 1973.

On this appeal[6] it is asserted that the orphans' court abused the discretion afforded it by section 3389 of the Probate, Estates and Fiduciaries Code by not suspending distribution pending determination in the United States District Court of decedent's liability in the Penn Central securities litigation. The auditing judge declined to suspend distribution because he believed the goal of prompt and orderly administration of the estate outweighed the interest of the Penn Central plaintiffs. The court en banc adopted this view.

It is manifest that the prompt, orderly, and efficient administration of decedents' estates is a primary concern of the Commonwealth and its orphans' courts.[7] So too, the Commonwealth and its courts recognize the public policy interest in protecting the claims of creditors against decedents' estates asserted in its courts or in other forums.[8] Striking a proper balance between

---

[6] This Court has jurisdiction by virtue of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp. 1973), and the Probate, Estates and Fiduciaries Code, § 792, 20 Pa. S. § 792 (Special Pamphlet 1972).

[7] See Pa. O.C.R. § 2, R. 1.

"The rules adopted by the Supreme Court regulating the practice and procedure of the Orphans' Courts of this Commonwealth, and the rules adopted by such courts, shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest."

[8] See Probate, Estates and Fiduciaries Code §§ 3381-93, 20 Pa. S. §§ 3381-93 (Special Pamphlet 1972).

these sometimes conflicting goals requires careful judicial circumspection and due consideration of all attending circumstances.

The orphans' court, in passing on a potential creditor's request to delay distribution pending litigation in another forum, should, inter alia, take account of: (1) the nature of the claim being asserted before the other tribunal, (2) the hardship, if any, which deferred distribution of principal or income would impose on the estate or the individual or charitable beneficiaries, and (3) the adverse effect of refusing any withholding and thereby precluding satisfaction from estate assets of a possibly meritorious claim being adjudicated in another court. In striving to reach an accommodation between the advantages of prompt distribution and the potential harm to the position of a claimed estate creditor, the orphans' court must not only consider the traditional concepts of comity and equity but also the full spectrum of just and reasonable available alternatives.

Section 3389 of the Probate, Estates and Fiduciaries Code provides: "When any claim not proved in the orphans' court division is being litigated in any other division or court, State or Federal, having jurisdiction thereof, the court may make such provision for the distribution or satisfaction of the claim as shall be equitable."[9] The commission's comment to the 1949 codification of this section states: "This gives the orphans' court the opportunity in its discretion to postpone final distribution where advisable or to make final distribution where the claim, in justice to other interested persons, should be presented in the orphans' court. The court, in addition to using its discretion as to whether any fund will be withheld will exercise a discretion as to the amount to be withheld."[10]

---

[9] 20 Pa. S. § 3389 (Special Pamphlet 1972).

[10] The Fiduciaries Act of 1949, § 619, Act of April 18, 1949, P.L. 512, 20 P.S. § 320.619 (now 20 Pa. S. § 3389).

The orphans' court concluded that although certain of the objectors' claims against the estate were subject to the exclusive jurisdiction of the federal court, others were in federal court only because pendent to exclusively federal claims. The court found no justification for the objectors' failure to present these pendent claims in the orphans' court. The court further stated that the plaintiffs in the federal action had not diligently prosecuted their claim in that tribunal.

Though we need not now accept or reject these conclusions, we note that the Penn Central securities litigation is one of the most complex multi-district litigations ever brought in the federal courts. Trying one segment of this involved multi-party securities case in the orphans' court while the federal action continues would place an unnecessary extra burden on the litigants. Even had the pendent claims been tried, as suggested, in the orphans' court with the extensive hearings necessarily required and attendant delay, the adjudication would not be dispositive of plaintiffs' federal claims against the estate. This procedure would not in any realistic sense advance the public interest in expediting distribution of decedents' estates, nor would it promote the efficient utilization of state-federal judicial resources. An appreciation of the intricacies of the Penn Central litigation, and considerations of comity, as well as the policy of section 3389, indicate the desirability of deference to the federal court.[11]

---

[11] See *Ferrar Estate*, 388 Pa. 105, 130 A.2d 159 (1957) (no abuse of discretion to refuse to impound a fund to pay an unliquidated claim pending in another court when estate's assets or administrator's bond sufficient to pay full amount of claim) ; *Fulton's Estate*, 200 Pa. 545, 50 A. 187 (1901) (orphans' court directed to withhold distribution pending outcome of claim to be presented in court of common pleas) ; *Appeal of Gable's Executors*, 40 Pa. 231, 246 (1861) (fund sufficient to satisfy claim should be set aside) ; *Apfelbaum Estate*, 21 Fiduciary Rptr. 300 (O.C. Montgomery County

The auditing judge was presented a substantial volume of evidence relating to the bankruptcy of the Penn Central and the role of the directors in that company's financial crisis. The thrust of this evidence, particularly a report of the Patman Committee[12] is that the period during which decedent served as a director of the Transportation Company saw the company's financial condition deteriorate primarily due to unrealistic dividend policies and a disastrous diversification program.[13] On this record it cannot be conclusively said that the estate may not be found liable to some extent for losses to the Penn Central plaintiffs.

The relevance of this evidence to the question presently before this Court is only in its indication that the objectors' claims may not, on the present record, be regarded as frivolous or vexatious. Thus the court was called upon to exercise the discretion vested in it by section 3389 to "make such provision for the distribution or satisfaction of the claim as shall be equitable."

The opinion of the court properly notes that the objectors "requested total suspension of all distribution for an indefinite number of years." The court en banc, affirming the auditing judge, declared that "[t]he effect of an indefinite delay on the beneficiaries of the estate, involving therein a charity, would be so great that this Court cannot sanction the same based on the record presented herein." It is apparent that the auditing judge and the court en banc failed to consider alternatives to the requested "total suspension of all distribution for an indefinite number of years."

---

1971) (distribution deferred pending completion of litigation in court of common pleas).

[12] Staff of House Comm. on Banking & Currency, 92d Cong., 1st Sess., Report on The Penn Central Failure and the Role of Financial Institutions (Comm. Print 1972).

[13] Decedent did not resign as a director until May 13, 1969.

Section 3389, the commentary[14] to the 1949 code, and our cases[15] interpreting section 3389 all indicate that an integral component of "mak[ing] such provision for the distribution or satisfaction of the claim as shall be equitable" is the exercise of discretion as to the amount, if any, to be withheld and the duration of the delay. Although counsel requests total suspension for an indefinite period, the court in making "such provision . . . as shall be equitable," nevertheless retains and must consider the broad range of options permitted by section 3389. It is for the court in its discretion to determine whether any fund shall be withheld and, if so, the amount withheld and the interval of any postponement of distribution. Of course, if any principal is ordered retained by the fiduciary, the court, in its discretion, may make the income generated by that portion of the principal available to the individual or charitable beneficiaries. All such determinations are subject to modification by the orphans' court in light of changing circumstances.

Here the auditing judge and the court en banc rejected the objectors' demand for total and indefinite suspension of distribution. The opinion of the court en banc repeatedly refers to the objectors' request for total suspension and to the auditing judge's refusal to withhold indefinitely distribution of the entire distributable estate. Since total suspension for an indefinite term is not the only option available to the court in the exercise of its discretion, we conclude that the decree must be vacated. On remand it will be for the orphans' court to appraise the practicality and wisdom of partial withholding of estate assets and, if any withholding

---

[14] See text accompanying notes 6 & 7 supra.

[15] See cases cited at note 6 supra. See also *Mulligan's Estate*, 274 Pa. 398, 118 A. 315 (1922).

is decreed, the appropriate period during which distribution of principal or income may be delayed.[16]

The decree is vacated and the record is remanded to the Orphans' Court Division of the Court of Common Pleas of Westmoreland County for further proceedings consistent with this opinion and for the entry of an appropriate decree.

Each party pay own costs.

Mr. Justice POMEROY took no part in the consideration or decision of this case.

---

[16] On remand, the orphans' court may also wish to consider that on October 3, 1973, the District Court entered an order scheduling discovery in the Penn Central securities litigation. The order calls for completion of all discovery by June 1, 1974.