**POWERS BOULEVARD ASSOCIATES LIMITED, Petitioner–Appellant,**

v.

**ESTATE OF Clyde R. REEL, Respondent–Appellee.**

**No. 91CA1570.**

Colorado Court of Appeals,
Div. V.

Sept. 10, 1992.

James L. Merrill, James L. Merrill, Paul G. Anderson, Bruce Wright, P.C., Bruce M. Wright, Colorado Springs, for petitioner-appellant.

Kraemer & Kendall, P.C., Sandy F. Kraemer, John S. Benson, Colorado Springs, for respondent-appellee.

Opinion by Judge JONES.

Petitioner, Powers Boulevard Associates Limited (Powers), appeals an order of the trial court dismissing its petition for allowance of claims against the respondent, the estate of Clyde R. Reel. We affirm.

The petition was filed on May 1, 1989 in connection with contamination alleged by Powers to have been caused on its land by a landfill which the deceased and his wife operated on adjacent land for twenty years. Powers made a claim in the petition against the estate for damages to its land in the amount of $500,000 to $2 million.

The petition referred to a lawsuit earlier filed in the United States District Court by Powers against Reel, his wife, and others concerning damages which Powers claimed were caused by the migration of contamination from the landfill to its land. Upon Reel's death, the petition was filed in the probate matter respecting his estate as a claim to become due at a future time after its adjudication by the federal court.

The estate moved the probate court to dismiss Powers' claim on May 23, 1989, and the court granted the motion and dismissed the claim on June 15, 1989. However, because Powers received no notice of the dismissal from the probate court within the period for filing an appeal, the probate court, on May 30, 1990, set aside the order of dismissal.

On August 15, 1990, pursuant to Powers' motion, the probate court also directed that certain assets of the estate already distributed be returned to the estate and prohibited further distributions, but permitted decedent's wife to receive reasonable living expenses from the estate.

On November 28, 1990, the federal court granted summary judgment in favor of the estate, which had been substituted in that lawsuit for decedent, and in favor of decedent's wife. The court refused to certify the order as a final order under Fed. R.Civ.P. 54(b) because Powers' other claims against other parties survived the summary judgment granted to the estate and decedent's wife.

In April 1991, the estate requested that the probate court dismiss Powers' claims on grounds that all underlying claims against the estate and decedent's wife in the federal lawsuit had been dismissed or summary judgment had been granted as to them. On May 14, 1991, the probate court granted the estate's request and dismissed Powers' petition for allowance of claims.

Again, however, the probate court failed to provide notice to Powers of its having dismissed the petition. Pursuant to that failure, Powers requested reconsideration of the May 14, 1991, dismissal. On August 11, 1991, in a written order which Powers did receive, the probate court considered the motion on its merits, as well as other issues raised, and denied the motion.

Powers contends, generally, that the probate court erred in dismissing its petition for allowance of claims. The estate argues that the probate court had authority to dismiss Powers' petition after the underlying claims in another court had been adjudicated on the merits in that court and that the probate court did not abuse its discretion in dismissing the petition. We agree with the estate.

Ultimately, the probate court is charged with maintaining a speedy, efficient, and

exact system for settling estates and making distributions. *See In re Estate of Daigle*, 634 P.2d 71 (Colo.1981); *Strong Bros. Enterprises, Inc. v. Estate of Strong*, 666 P.2d 1109 (Colo.App.1983).

The allowance of claims against an estate is provided for by statute. Section 15–12–806(2), C.R.S. (1987 Repl.Vol. 6B) provides that, as to any claim not otherwise barred, the court *may* allow the claim in whole or in part. Additionally, concerning contingent and unliquidated claims against an estate, the court *may* provide for payment. Section 15–12–810, C.R.S. (1987 Repl.Vol. 6B).

■ Thus, the court is not required to pay contingent claims and has broad discretion in determining whether such claims should be allowed, the amount of time to give a claimant to secure a judgment on the claim, and the amount or number of assets to be held in reserve for the contingency.

We conclude that, under the circumstances of this case, the court did not abuse its discretion.

■ The record reflects that the estate was held open for almost three years pending resolution of the claims which were the subject of the federal district court action. Additionally, the probate court ordered assets gathered back into the estate and held without further distribution pending the outcome of the federal action. The dismissal here was ordered only after the claims against the estate and decedent's wife were resolved and no appeal or further action was pending as to such claims. We note, further, that Powers did not continue to pursue attempts to certify the federal court ruling as final. Thus, a final judgment in that action, including the determination of remaining claims against the other parties, and exhaustion of all appeals, could consume several years.

When faced with similar situations in which contingent claims have forced the administration of an estate to be held open, other jurisdictions have applied a balancing test to determine the rights of the competing interests. In those jurisdictions, the court is required to consider the interests of the prompt, orderly, and efficient administration of an estate as against the protection of claims against the estate being asserted in other *fora*.

*See, e.g., In re Estate of Mellon*, 455 Pa. 294, 314 A.2d 500 (1974).

■ In considering the nature of the claims in the other court, the hardships from the delay, and potential adverse effects on the claimant, the *Mellon* court concluded that it must strike "a proper balance between [the] conflicting goals ... [and give] careful judicial circumspection and due consideration of all attending circumstances. We agree that a similar balancing test should be invoked here. *See also In re Biel*, 103 A.D.2d 287, 479 N.Y.S.2d 740 (2 Dept.1984) (in construing a statute mandating a reserve fund for contingency claims, court, nevertheless, holds it reasonable not to hold open an estate until an action which could span years is resolved, and trial court has discretion as to amount reserved and the duration of such reservation).

Applying such a balancing test here, we conclude that, when all of the circumstances are considered, the court did not abuse its discretion in granting the estate's motion to dismiss Powers' petition.

In light of our resolution of this matter, we do not consider Powers' other contentions.

The judgment is affirmed.

HUME and MARQUEZ, JJ., concur.