**In re ESTATE OF William R. COOMBS, Deceased.**

**Appeal of Robert W. Grine, II, Joanne D. Grine and the Estate of Margaret M. Grine.**

Superior Court of Pennsylvania.

Argued Nov. 9, 2000.
Filed Sept. 11, 2001.
Reargument Denied Nov. 21, 2001.

Janice S. Haagenson, Enon Valley, for appellant.

Thomas J. Dempsey, Jr., Pittsburgh, for appellee.

Before: LALLY–GREEN, TODD, and BROSKY, JJ.

LALLY–GREEN, J.:

■ ¶ 1 Appellants, Robert W. Grine, II, Joanne D. Grine, and the Estate of Margaret M. Grine, appeal from the order entered February 14, 2000, dismissing Appellants' exceptions to two orders dated August 31, 1999. The first order granted the Petition of Appellee Ronald W. Coombs (Executor) for Leave to Renounce Right of Administration of Specific Real Property pursuant to 20 Pa.C.S. § 3312.[1] The second order denied Appellants' motion for a rule to show cause why the Executor should not be ordered to pay property taxes and be restrained from selling the property at issue. We affirm.

¶ 2 This case is procedurally and legally complex. Appellants are the plaintiffs in ongoing federal litigation regarding an allegedly contaminated parcel of land which was once owned by decedent William R. Coombs.[2] The property is located in Tionesta Borough, Forest County, Pennsylvania. Appellants have allegedly suf-

---

1. 20 Pa.C.S. § 3312 reads as follows: "When any property is of no value to the estate, the court may authorize the personal representative to renounce his right to administer it." 20 Pa.C.S.A. § 3312. The Official Comment to this section notes: "This section is consistent with existing law under which a fiduciary is not required to exercise his right to administer estate property when in his reasonable judgment it is inadvisable to do so: cf. *Reynolds v. Cridge*, 131 Pa. 189, 18 A. 1010 [1890]; *Pearlman Trust*, 348 Pa. 488, 35 A.2d 418 [(1944)]. This section should prove helpful to personal representatives and to the estate when the personal representative hesitates about assuming the risk that his judgment to abandon property for estate purposes may prove to have been in error. When the personal representative's right to administer is renounced, full legal and equitable title will be in those beneficially interested in the asset, subject of course to their right to disclaim: *cf. Roop v. Greenfield*, 352 Pa. 232, 42 A.2d 614." Section 3312, Official Comment (1949).

2. *See, Grine v. Coombs*, 1997 U.S. Dist. Lexis 19618 (W.D.Pa.1997), *summary judgment granted in part and denied in part*, 1997 U.S. Dist. Lexis 19578 (W.D.Pa.1997), *affirmed in part and remanded*, 189 F.3d 464 (3rd Cir.Pa. 1999), *cert. denied*, 528 U.S. 1160, 120 S.Ct. 1172, 145 L.Ed.2d 1081 (2000).

fered physical harm as a result of contamination on the property.

¶ 3 Executor is the executor of the decedent's estate. The decedent's will granted the property in three equal shares to Executor, Mary Ann Melko, and Ruth Desko. All three beneficiaries have renounced their interest in the property. Three other potential inheritors of the property (Billie Yost–Hepfer, William R. Coombs, Jr., and Betty Marie Phillips) have renounced their interest in the property as well.

¶ 4 On November 17, 1998, Executor filed a Petition for Leave to Renounce Right of Administration of Specific Real Property pursuant to 20 Pa.C.S. § 3312. Executor claimed that the property was more of a liability than an asset to the estate. On February 16, 1999, Appellants filed an answer to the petition.[3] The trial court held an evidentiary hearing on June 7, 1999. The certified record does not contain a transcript of this hearing.

¶ 5 On August 31, 1999, Appellants filed a Motion for Rule to Show Cause why the Estate should not be ordered to pay property taxes to the Borough of Tionesta and be restrained from transferring the property to third parties.[4] Appellants provided the court with a proposed order directing Executor to pay back taxes and restraining Executor from selling the property. The trial court denied this proposed order on the same day without a supporting opinion.

¶ 6 Also on the same day, August 31, 1999, the trial court issued an order granting Executor's petition to renounce administration of the property. In a supporting opinion, the trial court reasoned that renunciation is proper under § 3312 because "the cost of the continued defense of the property will exceed its value, thereby making it more of a liability than an asset to the Estate." Trial Court Opinion, 8/31/99, at 2. The court also concluded that *Midlantic* was inapposite. *Id.*

¶ 7 On September 10, 1999, Appellants filed exceptions to both orders. Appellants argued that: (1) public interests protected by state and federal environmental laws are not overridden by the abandonment power in Section 3312; (2) the "citizen suit" provisions of federal environmental statutes allow private citizens to

---

3. Appellants raised the following issues: (1) under *Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986), state and federal laws prohibiting the abandonment of contaminated property are not preempted by Section 3312; (2) the Estate is liable under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601 *et seq.* (CERCLA) and the Pennsylvania Hazardous Sites Cleanup Act, 35 P.S. § 6020.101—6020.1305 (HCSA) for costs associated with contamination on the land; (3) Executor is personally liable under CERCLA because he knew or should have known that the decedent had potential liability for environmental response costs; (4) Executor, as a holder to legal title to the property, is personally liable under CERCLA where he has the power to use or control property held in trust; (5) Executor is the personal beneficiary of a fraudulent conveyance from the Estate, and has concealed assets from creditors; and (6) under 20 Pa.C.S. § 3389, the court should determine what action should be taken given the existence of federal litigation regarding the property.

4. Here, Appellants argued that: (1) Executor has failed to pay property taxes due from the last three years; (2) the property has been listed for involuntary sale by the Borough; (3) Executor cannot "dissolve the Estate's tax obligations through statutory renunciation"; (4) the Estate has sufficient funds to pay overdue tax bills and thus avoid a sale to third parties; (5) abandonment will violate state and federal environmental laws; and (6) Executor and the Borough should be restrained from transferring the property to unsuspecting third parties "through deliberate tax omissions."

enforce those statutes where the relevant government agencies have not taken action; (3) there has not been a judicial order directing cleanup because the federal suit has not been decided on the merits; (4) *Midlantic* is not limited to situations where there has been a formal citation or cleanup order; (5) the trial court has ignored Appellants' expert's reports of contamination on the site and has sanctioned Executor's failure to set aside funds to satisfy environmental obligations; and (6) the court should not permit the Executor to harm the public by abandoning the site. *Id.* In their supporting brief, Appellants argued, in passing, that the court erred in denying the motion to restrain the sale of the property. Appellants asked the court to prevent Executor from renouncing his interest in the property, and to stay the sale of the property. *Id.*

¶ 8 On February 14, 2000, the trial court denied Appellants' exceptions without issuing a new opinion. Instead, the court relied on its prior opinion dated August 31, 1999. This appeal followed. On January 10, 2001, we remanded the case for further proceedings because we were unable to conduct meaningful appellate review. *In re Estate of Coombs*, 776 A.2d 300, 410 WDA 2000, 2001 Pa.Super. Lexis 861 (unpublished memorandum). Specifically, we remanded for the filing of a Concise Statement of Matters Complained of on Appeal and a supplemental opinion from the trial court. We had hoped that Appellants would present a reasonable number of coherently structured arguments, thus providing the trial court with an opportunity to respond thoughtfully to each point. In keeping with prior patterns, however, Appellants raised 25 issues in their Concise Statement.

¶ 9 The trial court's response was brief but quite helpful. The trial court considered many of the environmental issues presented by Appellants to be extraneous to the matter at hand: namely, whether Executor prudently fulfilled his fiduciary duty to the Estate by renouncing property which had no value to the Estate. Trial Court Opinion, 4/6/01, at 2–3. The court further explained:

> [T]he court did not order the Executor to pay property taxes on the property to avoid a tax sale since there were no funds in the estate to pay the taxes. The court did not order the stay of the tax sale since it had already given the Executor the authority to renounce administration. The court did not order the executor to set aside funds for potential environmental damage because there were no funds in the estate. And finally, the court did not delay resolution of the petition to renounce administration pending the federal lawsuit since its determination that the property was without value has not barred Grines from proceeding against the estate with the federal litigation. The legislature placed no bar against maintaining a claim against an estate despite the fact that a personal representative renounces administration of valueless property pursuant to [20 Pa.C.S. 3312].

*Id.* at 3. Appellants filed a new appellate brief, raising three issues:

I. Whether the state probate court erred in ruling that decedent's estate can avoid all expenses attendant upon its possession of hazardous wastes?

II. Whether the probate court has a statutory duty pursuant to 20 Pa. C.S. [§] 3389 to stay disposition of the petition for renunciation and abandonment pending resolution of the citizen-plaintiffs' environmental claims against the estate in a federal forum?

III. Whether the state's probate court must abide by and enforce these provisions of the Estate and Fiduciaries Code which prohibit all self-dealing by the executor of decedent's estate?

Appellants' Brief at 6.

¶ 10 In our prior Memorandum, we noted the following deficiencies with Appellants' brief and style of argument:

Appellants' current brief contains many scattershot assertions of law and fact without citation to the certified record or to relevant statutory or case law. Oftentimes, Appellants cite to testimony and transactions for which there is no evidence in the certified record. Appellants also interweave arguments about the merits of their federal action with the issues in the instant case in such a manner that makes it difficult for this Court to address any issue intelligently and thoroughly.

*In re Estate of Coombs, supra,* at 9, 776 A.2d 300. We note with disapproval that Appellants' current brief has made no improvements in these respects.

■ ¶ 11 In their first issue on appeal, Appellants essentially argue that federal and state environmental laws prohibit the trial court from authorizing Executor to renounce his administration of the property.[5] The sole pertinent authority cited by Appellants for this proposition is *Midlantic, supra.* In *Midlantic,* the United States Supreme Court held that the abandonment provision of the Bankruptcy Code, 11 U.S.C. § 554(a), did not preempt

state and local environmental laws. *Midlantic,* 106 S.Ct. at 762. Thus, a bankruptcy trustee could not abandon the environmentally-contaminated land of an estate, where doing so would violate state or local environmental laws. *Id.* In *Midlantic,* the trustee's abandonment included shutting down a guard service and fire-suppression system, which "aggravated already existing dangers by halting security measures that prevented public entry, vandalism, and fire." *Id.* at 758 & n. 3. Thus, in *Midlantic,* the trustee's abandonment of the property resulted in specific, harmful environmental effects. Moreover, the trustee's abandonment created a situation where no one (other than the state) took possession or control of the property.

¶ 12 In contrast, Appellants have failed to establish that an executor's renunciation of the administration of a parcel of land constitutes a similarly harmful abandonment of the property, so as to bring the case within the scope of *Midlantic.*[6] Next, Appellants' argument is based on a presumption that renouncing the administration of property under § 3312 somehow undermines or abrogates federal and state environmental laws. This presumption is simply unsupported by the record or legal authority. We see no basis for concluding that the Executor's and the Estate's liability (if any) for environmental harm will be affected by the operation of § 3312. Hyperbole aside, Appellants have failed to identify any specific harm imposed by the trial court's order: for example, the loss of a legal remedy against any potentially re-

---

5. In this section of their Brief, Appellants also argue that Executor and others are currently violating various environmental laws. We note that all environmental issues concerning the property are currently being litigated in federal court. Moreover, Appellants filed no environmental actions with the trial court. As such, neither the trial court nor this Court

is in a position to address the merits of these issues, and we will not address them further.

6. Moreover, unlike *Midlantic,* where the trustee attempted to abandon the property to the state, in the instant case Executor has sold the property to a third party.

sponsible parties.[7]

¶ 13 In a similar vein, Appellants have identified no statute or other authority stating that a trial court must take into account pending environmental concerns such as Appellants' when granting a petition to renounce under § 3312. Until the Legislature or our Supreme Court speaks on this issue, we decline to create or impose any such requirements ourselves. Finally, to the extent that Executor's renunciation may have specific and discrete environmental effects, this issue is best resolved within the context of the pending federal litigation. Appellants' first claim fails.

■ ¶ 14 In their second issue, Appellants argue that the trial court abused its discretion by failing to stay disposition of the renunciation petition pending resolution of the federal lawsuit. Appellants cite to 20 Pa.C.S.A. § 3389, which states: "When any claim not proved in the orphans' court division is being litigated in any other division or court, State or Federal, having jurisdiction thereof, the court may make such provision for the distribution or satisfaction of the claim as shall be equitable." We observe that the Official Comment to 20 Pa.C.S.A. § 3389 notes: "This gives the orphans' court the opportunity in its discretion to postpone final distribution where advisable or to make final distribution where the claim, in justice to other interested persons, should be presented in the orphans' court. The court, in addition to using its discretion as to whether any fund will be withheld, will exercise a discretion as to the amount to be withheld." Section 3389, Official Comment (1949).

■ ¶ 15 Arguments that are not appropriately developed by citation to authority are waived. *Korn v. Epstein,* 727 A.2d 1130, 1135 (Pa.Super.1999). "It is the Appellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law." *Id.* Aside from a passing and unexplained reference to *In re Mellon's Estate,* 455 Pa. 294, 314 A.2d 500 (1974), Appellants' two-sentence argument consists of a bare assertion that the trial court abused its discretion. We conclude that this issue is waived for lack of development.

■ ¶ 16 Finally, Appellants argue that the trial court erred by allowing Executor to engage in fraud, self-dealing, tax evasion, and improper collusion with local authorities. Again, Appellants do not support their argument with citation to the certified record or to pertinent legal authority. Accordingly, this issue is waived.

¶ 17 Order affirmed. Jurisdiction relinquished.

---

7. In *Midlantic,* the tension between environmental laws and the Bankruptcy Code's abandonment provision was more acute because the automatic stay provisions of the Bankruptcy Code explicitly provide substantial protections against various types of legal and financial proceedings against the estate. *Midlantic,* 106 S.Ct. at 760. In contrast, § 3312 does not expressly or impliedly preclude the operation of environmental regulations.