**Fay Haupt Metcalf EVANS, Plaintiff,**

v.

**George McCLELLAN, Lidah M. Haupt, and Charles "Ben" Haupt, as Executors and Trustees of the Estate of G. Edward Haupt, Deceased, and doing business as "Ed Haupt Real Estate Fund"; and Lidah M. Haupt, individually, Defendants.**

**Civ. A. No. 5082.**

United States District Court
M. D. Pennsylvania.
July 22, 1955.

---

Marvin W. Wallach, Chicago, Ill., Homer Hummel Strickler, Harrisburg, Pa., for plaintiff.

Claude B. Wagoner (McWilliams, Wagoner & Troutman), Philadelphia, Pa., Philip Johnston, Bellefonte, Pa., for defendants, George McClellan and Charles "Ben" Haupt as Executors and Trustees of Estate of G. Edward Haupt, deceased.

Harold W. Swope, Harrisburg, Pa., for defendant, Lidah M. Haupt.

FOLLMER, District Judge.

■ The plaintiff, Fay Haupt Metcalf Evans, filed a complaint against the executors and trustees of the Estate of G. Edward Haupt, deceased,[1] alleging, inter alia, that she is entitled to certain interests in that estate as a niece and heir at law of the decedent; that the said

G. Edward Haupt died April 24, 1953, testate, a resident of Centre County, Pennsylvania, in this judicial district; that his will and the codicil thereto were duly admitted to probate in said Centre County.

From the pleadings and affidavits filed in the case it further appears that the executors and trustees qualified, proceeded with and are still engaged in the process of liquidating the estate; that a partial inventory and appraisement was filed with the Register of Wills of Centre County December 14, 1953; that decedent's widow filed in said Court an election to take against the will; that the executors and trustees have filed a first account in the Orphans' Court of Centre County; that an Auditor has been appointed by that Court to take testimony and report to the Court his findings on the exceptions filed to the account; that these exceptions raise many of the issues comprehended herein.

Plaintiff predicates her claim as an heir of the decedent upon the theory that her name had originally been included in the decedent's will and then had been stricken out, either after the execution of the will or under such circumstances as to nullify the deletion.

Plaintiff complains that the executors and trustees have improperly sold real estate; have sold valuable personal property without authority and without notice to plaintiff, some of which was sold to trustees; continue to hold nonlegal securities; failed in December 1953 to set apart distribution then to be made; and that they have entered into collateral agreements with one of the trustees to pay her sums of money without order of court, and without notice.

Plaintiff prays for injunctive relief; that the Court determine plaintiff's exact fractional interest in the estate; that the defendants be required to file an account-

---

1. Later in this Memorandum reference will be made to Lidah M. Haupt who was joined individually as a party defendant but who did not as such an individual party defendant prior to her death, or by her executor after her death, file a motion to dismiss.

ing; that they presently distribute widow's share and invest the balance pending ultimate distribution; that the Court construe the will "as being impossible to carry out so far as the terms of the supposed Trust are concerned if limited to an Express Trust"; that all real estate be inventoried and liquidated; that an order of Court be secured relative to payment of real estate taxes; that the trustees be directed to report pending litigation and to obtain leave of Court concerning actions pending in United States District Court for the Western District of Pennsylvania; that the Court construe certain portions of will; that the trustees be required to make substantial deposits against State and Federal inheritance taxes; that the executors and trustees be restrained from dealing with corpus of estate without notice to plaintiff and specific order of Court; that the Court remove trustees and appoint substitutes unless the present trustees promptly comply with their legal obligations.

Defendants have moved to dismiss the complaint for the following reasons:

1. Complaint fails to state a claim against defendants upon which relief can be granted.

2. This Court is without jurisdiction of the subject matter since the complaint involves the interpretation of a will and the administration of a decedent's estate by executors appointed by the Register of Wills of Centre County, Pennslyvania, which executors are answerable only to the said Orphans' Court, which Court has sole and exclusive jurisdiction over said fiduciaries, the administration by them of said estate, the interpretation of the will and the distribution thereunder. Further, that said Court has assumed said jurisdiction, has issued Orders and Decrees in connection therewith, and the administration of said estate is being conducted in pursuance of the directions of said Court, and in accordance with the laws of the Commonwealth of Pennsylvania.

3. This Court lacks jurisdiction to grant an injunction to stay proceedings in the Orphans' Court of Centre County by reason of the provisions of the Act of Congress of June 25, 1948, c. 646, 62 Stat. 968, 28 U.S.C. § 2283.

This decedent died April 24, 1953. The original complaint was filed October 15, 1954, the amended complaint on February 15, 1955. In the meantime, and prior to the filing of the original complaint, the will was probated; the executors and trustees qualified; inventory was filed; decedent's widow elected to take against the will; executors' first account was filed; exceptions taken thereto raising many of the questions posed herein; an Auditor was appointed; testimony was taken in re the exceptions, and the parties in interest are now awaiting the Auditor's findings; substantial payments have been made on account of State and Federal transfer inheritance taxes; guardian ad litem appointed for 110 minors and trustee ad litem for all unborn and unascertained persons; public sale of a large amount of real estate has been had and Federal Estate Tax Return has been filed.

Under the provisions of the Pennsylvania Orphans' Court Act of 1951, August 10, P.L. 1163, Article III, Section 301, 20 Pa.P.S. § 2080.301, the Orphans' Court shall have exclusive jurisdiction, inter alia, of decedents' estates, testamentary trusts, fiduciaries, disposition of title to real estate to render it freely alienable, and title to personal property.

As to whether or not this plaintiff is a party in interest and as such entitled to be heard in any court in relation to this estate depends solely and exclusively upon the interpretation of the decedent's will. She has no claim as an heir of the decedent unless she can establish by such interpretation that (1) it was her name that was deleted in the third from the last line of the first page of this will, and that (2) such deletion is a nullity.

The Orphans' Court of Centre County has exclusive jurisdiction to interpret

this will and to adjudicate whether this plaintiff is an heir of the decedent under the provisions thereof. All of the other prayers for relief involve matters either relating to the interpretation of the will or the administration of the estate.

The properly constituted fiduciaries of this estate have proceeded in great detail with the administration of a very complex and confused situation. On their qualification they assumed control of large holdings of realty and personalty and have, it would seem, by the filing of their first and partial account and the submission of exceptions thereto to an Auditor appointed by the Orphans' Court of Centre County, moved with as much dispatch and under the direction of the said Court as could be expected under the circumstances. Certainly their administration is in rem. From the time of the appointment and qualification of these fiduciaries they were under a statutory responsibility to account to the Orphans' Court of Centre County for all assets in their possession.

If at any time from the moment the will was offered for probate in the Register's Office of Centre County up to the present time this plaintiff felt herself aggrieved she could be heard by the Orphans' Court to secure an interpretation of the will or, if determined to be a party in interest, to test through that court the propriety, the sufficiency or the promptness of the performance by the fiduciaries.

The principle involved here and the law applicable thereto is clearly set forth in Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 465, 59 S.Ct. 280, 275, 83 L.Ed. 285, as follows:

" * * * Certain it is, therefore, that if both courts were to proceed they would be required to cover the same ground. This of itself is not conclusive of the question of the District Court's jurisdiction, for it is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other. On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other. We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. The doctrine is necessary to the harmonious cooperation of federal and state tribunals. * * * "

In re Craig's Estate, 379 Pa. 157, 109 A.2d 190 (November 8, 1954), a case involving a situation similar to the instant case, the Supreme Court in a per curiam opinion affirmed the lower court. That court held, in part, as follows, 109 A.2d 190, 198:

"From the moment that Harshaw was appointed executor of the Clyde Craig Estate, he had a statutory responsibility to account in this court for all assets in his possession. To permit an action which would require him to account in the second tribunal would almost of necessity produce an 'unseemly conflict' between the two courts which the rule of law set out in the Princess Lida Case and many others has been promulgated to prevent. It was long ago stated that 'a man cannot serve

two masters'. The phrase is not inapplicable to this situation."

This suit being in rem and the Orphans' Court of Centre County having for over two years had possession and control of the property which is the subject of this litigation, and the plaintiff having in that court available to her full and complete opportunity for the determination of the questions here posed, the jurisdiction of this Court must yield to that of the Orphans' Court of Centre County. To hold otherwise would subject the fiduciaries to conflicting directives and certainly tend toward the destruction of that desirable "harmonious cooperation of federal and state tribunals."

■ The motion to dismiss in the instant case was filed on behalf of George McClellan and Charles "Ben" Haupt as executors and trustees of the estate of G. Edward Haupt, Deceased, and doing business as "Ed Haupt Real Estate Fund." The third executor and trustee, Lidah M. Haupt, died prior to the filing of the motion to dismiss. However, Lidah M. Haupt is also a party defendant individually under the original and amended complaints and there has been no substitution of the executor of her estate and there has been no motion to dismiss made on her behalf as an individual.[2] In view of the fact that the basis for dismissal is lack of jurisdiction and such lack of jurisdiction applies equally to the suit against Lidah M. Haupt individually, and since the Court may act on its own initiative where a lack of jurisdiction is apparent,[3] the order of dismissal will be made applicable to all parties defendant.

Motion to dismiss the complaint will be granted.

2. The motion to dismiss is captioned on behalf of the two surviving executors and trustees and is signed by their attorneys and also as follows: "Harold W. Swope Atty for Lidah M. Haupt", and dated "Nov. 3, 1954", which was one day after Lidah M. Haupt died. The legal effect of this, however, becomes immaterial in view of the fact that the lack of jurisdiction is noted by the Court as to all parties' defendant.

3. Rychlik v. Brotherhood of Railroad Trainmen, D.C.W.D.N.Y., 128 F.Supp. 449.