Gladys **MARTIN**, individually and on behalf of the Estate of Samuel Martin, deceased, Plaintiff,

v.

Sylvia **MARTIN**, Jane Martin Ginsburg, Arnold L. Ginsburg and Jonah J. Goldstein, individually and as Executors of the Last Will and Testament of Lester Martin, deceased, Lester Martin & Company, Inc., The Martin Foundation, Inc. and Whittenton Manufacturing Company, Defendants.

United States District Court
S. D. New York.
Nov. 9, 1962.

Edward Arkin, New York City, for plaintiff.

Daniel Eisenberg, Brooklyn, N. Y., for Jane Martin Ginsburg, Lester Martin & Co., Inc. and Whittenton Mfg. Co.

David Finkelstein, New York City, for Arnold L. Ginsburg.

Charles Wilson, Brooklyn, N. Y., for Jonah J. Goldstein.

Rubinton, Coleman & Ostrow, Brooklyn, N. Y., for Sylvia Martin.

Goldstein, Judd & Gurfein, New York City, for Martin Foundation, Inc.

DAWSON, District Judge.

This is a motion for an order (1) directing the transfer of this action to the Surrogate's Court, Kings County, and (2) extending the time of the defendants within which to answer or otherwise plead to the complaint until ten days after the entry of an order on this motion.

The action is one by the plaintiff individually and on behalf of the estate of Samuel Martin, deceased, against the executors of the estate of Lester Martin, deceased, and three other parties.

It appears that Lester Martin died a resident of Kings County, New York, on April 24, 1959. His will was admitted to probate in the Surrogate's Court, Kings County, and Letters Testamentary issued on November 12, 1959 to the individual defendants as his executors. It also appears that stock of the defend-

ants Lester Martin & Company, Inc. and Whittenton Manufacturing Company was owned by decedent at his death, and that these corporations have been liquidated and the assets distributed to the executors of his estate. It appears also that the other defendant, The Martin Foundation, Inc., was a charitable foundation organized by the decedent. This defendant has also appeared in the proceedings in the Surrogate's Court, Kings County.

The complaint filed in the instant suit has three causes of action. The basis of jurisdiction, apparently, is that of diversity of citizenship.

The first cause of action alleges in substance that the plaintiff had paid over to the decedent the sum of $42,000 for the purpose of his buying, as her agent, common stock of American Telephone & Telegraph Company. It seeks an accounting of the transactions of the decedent on behalf of the plaintiff and seeks to require the executors of the decedent's estate to account for all the monies received by him belonging to the plaintiff.

The second cause of action alleges the existence of a partnership between the decedent and his father, who is also deceased. It alleges that upon the death of his father the decedent appropriated the partnership assets to himself and upon his death the same became part of the estate of Lester Martin. This cause of action also seeks an accounting with reference to the assets of the partnership.

The third cause of action charges that Lester Martin exercised control of the assets and property of Samuel Martin, both before and after Samuel Martin's death; that some of the assets were transferred to The Martin Foundation and to the decedent Lester Martin. This third cause of action seeks an accounting of all monies received and disposed of by Lester Martin and by his executors after his death on behalf of Samuel Martin and the estate of Samuel Martin.

It appears from the moving papers that a claim was filed by the plaintiff against the executors of the estate of Lester Martin in the Surrogate's Court, Kings County. She filed this claim individually and on behalf of the estate of Samuel Martin, deceased. It is a claim against the estate of Lester Martin. It has four items of claims, three of which are substantially the same as the three causes of action asserted in the complaint in the instant action.

Following the filing of plaintiff's claim, the executors filed an account and supplemental account. The claims described above were set forth in said account under the heading "Claims filed which are disputed." Plaintiff was served with a citation in the accounting proceeding on July 24, 1962. She appeared in the Surrogate's Court, Kings County, through her attorney, Edward Arkin, Esq., who is her attorney in the instant action. She requested and was given until October 5, 1962 for filing objections to the account and supplemental account of the executors. On October 5, 1962 plaintiff filed her objections to the accounts. The claim of Gladys Martin was initially set for trial in the Surrogate's Court on October 22, 1962; it has been adjourned to November 13, 1962. The instant action was commenced in this court on September 20, 1962.

It is to be noted that substantially all of the claims in the instant action are claims against the decedent Lester Martin or against the executors of his estate, which claims are proper subjects for disposition in the Surrogate's Court where the estate of the decedent is being administered. The claims covering all of the items in the present action have been filed in the Surrogate's Court as claims against the decedent or his executors. The plaintiff has available all the remedies provided by the laws of the State of New York to pursue such claims to judgment in the Surrogate's Court; she has full opportunity for discovery proceedings under the laws of the State of New York.

It appears without peradventure that the plaintiff herself elected to proceed first in the Surrogate's Court by filing a

proof of claim in the proceedings in the Surrogate's Court; that this claim is now set for trial in the Surrogate's Court and can be disposed of there much more promptly than it could be disposed of if continued in this court.

The only remedy plaintiff would have would be against the estate of the decedent for any misconduct on his part in the administration of her funds or partnership assets entrusted to him, or against any executors of his estate for any improper handling of estate assets which came into their hands from the decedent. The action is therefore one which relates in essence to a *res* which is in the control of and being administered by the Surrogate's Court of Kings County. The jurisdiction of the Surrogate in such circumstances is essentially that of a jurisdiction *quasi in rem*. See Beach v. Rome Trust Company, 269 F.2d 367 (2d Cir. 1959).

In the above mentioned case the court pointed out:

" * * * From the earliest probate cases in the federal courts a definite if not always precise line has been drawn between claims seeking to contest management or to effect a distribution of property, and those merely seeking a judgment *in personam* declaring the plaintiff entitled to receive from the fiduciary an interest in the estate. * * * It has consistently been held that in a case between diverse citizens the federal courts will determine a controversy concerning the right of the plaintiff to share in the *res*; while it has at the same time been established that they will decline to undertake the general administration of the property. * * *" 269 F.2d 367, at p. 372.

The Surrogate's Court is vested by the New York statutes with the right to determine claims against the decedent or his estate and claims against the executors arising from the administration of the estate. Surrogate's Court Act (N.Y.), §§ 207, 211. Its determination of the issues involved in such claims arises as a part of the accounting proceedings by the trustees or executors. Full opportunity for a claimant to prove a claim is thereby afforded and if the claim is sustained the assets under the jurisdiction of the Surrogate's Court are subject to the payment of the claim. As the United States Supreme Court pointed out in a somewhat similar situation:

"The Common Pleas Court could not effectively exercise the jurisdiction vested in it, without a substantial measure of control of the trust funds. Its proceedings are, as the court below held, quasi in rem, and the jurisdiction acquired upon the filing of the trustees' account is exclusive. * * *" Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456 (1939), at p. 467, 59 S.Ct. 275, at p. 281, 83 L.Ed. 285.

In the present action the plaintiff is seeking to pursue a remedy in two courts at the same time. She has filed claims in the Surrogate's Court; she has filed a complaint in the District Court. In each of them the causes of action are essentially the same. In each of them she seeks relief to be afforded only by payment out of the funds of the decedent or the executors. It would, of course, be a waste of judicial time to have the same action proceeding in both a state court and in a federal court.

The state court should be afforded priority in the present situation. It has undertaken the administration of the decedent's estate; the executors have been appointed by it; plaintiff has sought to pursue her remedies by filing claims in the Surrogate's Court long before she proceeded in the District Court. Her claims in the Surrogate's Court are now awaiting trial. If she was seeking merely to establish a claim, as such, and no previous proceedings had taken place, she might well have jurisdiction in the federal court on the basis of diversity; but what she is seeking, in essence, is an accounting by the executors and a distribution of an estate

which is being administered by the Surrogate's Court. Under those circumstances, since this Court finds that the state court has prior *quasi in rem* jurisdiction, in that the proceedings were instituted in the state court prior to the institution of proceedings in this court, it is best to avoid conflict, and the Court may, in the exercise of its sound discretion, stay the action in this court pending the outcome of the proceedings in the state court. Moore, Federal Practice, Vol. 1A, p. 2507.

The Court finds no authority for transferring the instant action to the Surrogate's Court. So much of the motion as seeks this relief is therefore denied. The Court does, however, in the exercise of its discretion, order the instant action stayed pending determination of the claims now before the Surrogate's Court. It grants so much of the motion as seeks an extension of time for defendants to answer in the instant action, and directs that defendants may be given until ten days after determination of the claims in the Surrogate's Court to answer in the instant action.

So ordered.