Morell Estate.

Argued April 25, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lewis R. Long,* with him *Justin D. Jirolanio,* for appellant.

*Hugh M. Morrison,* with him *James N. Diefender-fer, Norman Seidel, Charles D. Hogan,* and *McFadden, Riskin & Williams,* and *Butz, Hudders & Tallman,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, September 26, 1967:

Both Cathryn Morell, a citizen of Pennsylvania, and Angelina M. Morell (a/k/a Angelina Welsch), a citizen of New York City and appellant herein, claim to be the lawful widow of N. L. Morell, whose will was probated in Lehigh County on February 10, 1965. Each

has timely filed an election to take against the will of the decedent, Act of April 24, 1947, P. L. 89, as amended, 20 P.S. §180.8 (Supp. 1966). On May 12, 1966, the executors of the Estate of N. L. Morell petitioned the Orphans' Court of Lehigh County for a citation, which was awarded on the 16th, to show cause why the election of Angelina Morell should not be vacated; on June 15 appellant filed her answer to this citation.

In the interim, on June 14, appellant commenced an action in the United States District Court for the Eastern District of Pennsylvania wherein she sought to have herself declared the lawful wife of the decedent, thereby establishing her right to participate in the decedent's estate. Jurisdiction in the federal courts was based upon the monetary value of her claim being over $10,000 and diversity of citizenship.

On September 7, 1966, appellant filed a motion in the Orphans' Court of Lehigh County to strike from the hearing list the executor's citation to show cause why her election should not be vacated. In support of this motion appellant argued that the federal district court had, by reason of her commencing a suit therein, *exclusive* jurisdiction to determine her relationship to the decedent. The following day, the Orphans' Court of Lehigh County determined that it had jurisdiction over both the subject matter and the requisite individuals. It then proceeded to consider the show cause citation on its merits. Cathryn Morell testified that she had married the decedent on August 13, 1961 and introduced a certificate of marriage to that effect. Angelina Morell, through her attorneys, declined to proceed further in the hearing on the grounds that the court lacked jurisdiction. On September 9, the court below ordered appellant's election vacated and set aside. This appeal followed.

A hearing was held November 7, 1966, in the United States District Court for the Eastern District of

Pennsylvania before the Honorable JOHN P. FULLAM on appellant's complaint filed the previous June. In its memorandum opinion, the district court stayed all proceedings pending the final determination of the Pennsylvania litigation, that is, pending the outcome of this appeal. *Angelina M. Morell v. Estate of N. L. Morell et al.,* Civil Action, No. 40464 (E.D. Pa. Nov. 29, 1966).[1] The pertinent portion of Judge FULLAM's opinion follows: "The mere recital of the foregoing facts demonstrates that the jurisdiction of the Lehigh County Orphans' Court over the subject matter of this controversy, and over the person of the plaintiff, has attached. Assuming, without deciding, that this court would also have concurrent jurisdiction, cf. Markham v. Allen, 326 U.S. 490, 66 S. Ct. 296, 90 L. Ed. 256 (1946), we are nevertheless satisfied that principles of comity require that this court should decline to proceed with the matter, at least until the termination of the state court proceedings. Martin v. Martin, 210 F. Supp. 776 (S.D.N.Y. 1962).

"In view of this determination, it is unnecessary to consider the various other reasons advanced by the defendants in support of their motion to dismiss. However, it seems appropriate to point out that counsel for the plaintiff may be proceeding on the erroneous assumption that the filing of the present action was tantamount to removal of the state court proceeding to this court. Obviously, it was not; and there would seem to be no conceivable basis for the assertion that plaintiff's failure to present evidence in support of her alleged status, in the state court proceedings, was occasioned by lack of jurisdiction in that court. In light of this observation, and upon further contemplating the possible effects of res adjudicata when the state court

---

[1] Appellant appealed this ruling to the United States Court of Appeals for the Third Circuit, which refused to vacate the stay, Civil Action, No. 16428 (3d Cir. Feb. 17, 1967).

proceeding is finally concluded, counsel may wish to consider the advisability of seeking a further opportunity to present evidence in the state court litigation."

Despite the district court's decision, appellant has persisted in arguing on this appeal that the court below lacked jurisdiction.[2] Appellant's entire argument is premised upon the proposition that she never consented to the jurisdiction of the Pennsylvania courts. She maintains that her only voluntary contact with them was the filing of her election to take against the will of the decedent; because such notice is required under Pennsylvania law before she could legally participate in the distribution of the estate, it was likewise a necessary prerequisite to the establishment of her claim in federal court, but Pennsylvania could not by this requirement deprive her of her right to a federal forum.

To begin with, appellant is wrong about her basic assumption. Whatever the effect of her notice to take against the will, her decision to answer on the merits the citation issued on May 16, rather than file preliminary objections as required by Pa. R. C. P. 1017(b)(1) constituted a waiver of any arguable in personam jurisdictional defects, Pa. R. C. P. 1032. See *C. E. Williams Co. v. Henry B. Pancoast Co.*, 412 Pa 166, 194 A. 2d 189 (1963); Goodrich-Amram §1017(b)-7 (1962).

Moreover, even if we were to ignore this waiver and assume, without deciding, the validity of her argument

---

[2] Actually appellant's argument goes much further, for she maintains that by assuming jurisdiction in the instant case, the orphans' court has denied appellant her constitutional right to have this issue litigated in a federal forum. Obviously, neither the district court nor the Third Circuit were impressed with this argument. Of course, it is Congress, not the constitution, which determines access to the federal courts. *Kline v. Burke Construction Co.*, 260 U.S. 226, 233-34, 43 S. Ct. 79, 82-83 (1922).

concerning the orphans' court's jurisdiction over her person, cf., *Payne v. Hook,* 74 U.S. (7 Wall.) 425 (1868), that court nevertheless had exclusive jurisdiction over the decedent's estate, see *Craig Estate,* 379 Pa. 157, 109 A. 2d 190 (1954) (per curiam affirmance of opinion in 3 Pa. D. & C. 2d 381, 109 A. 2d 192). Thus the orphans' court could proceed to distribute the res and discharge the executors, see *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 59 S. Ct. 275 (1939); 1A Moore, Federal Practice, ¶¶0.214, 0.222 (1965), even though the federal courts might concurrently adjudicate the in personam action instituted there, cf., *Markham v. Allen,* 326 U.S. 490, 66 S. Ct. 296 (1946); *Akin v. Louisiana Nat'l Bank of Baton Rouge,* 322 F. 2d 749 (5th Cir. 1963); *Oxley v. Sweetland,* 94 F. 2d 33 (4th Cir. 1938). In other words, were the federal court to have adopted this approach, under the applicable principles of res adjudicata, the determination of who was entitled to the widow's share in the estate might depend upon which court first rendered its judgment, see *Penn General Cas. Co. v. Pennsylvania,* 294 U.S. 189, 55 S. Ct. 386 (1935); *Kline v. Burke Construction Co.,* 260 U.S. 226, 43 S. Ct. 79 (1922), but this consequence does not in the interim deprive the state orphans' court of in rem jurisdiction over the estate itself. *Mandeville v. Canterbury,* 318 U.S. 47, 63 S. Ct. 472 (1943); see *Kline v. Burke Construction Co.,* supra; 1A Moore, Federal Practice, supra.

In the instant case, appellant, having timely filed her election to take against the will of the decedent, was entitled to notice of the proceeding below and an opportunity to litigate her claim. Cf. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S. Ct. 652 (1950). This she received.

Decree affirmed. Costs on appellant.

Mr. Justice COHEN took no part in the consideration or decision of this case.