## Rust Estate

*Robert L. Freedman*, for executors.
*Joseph E. Lagtowka, Jr.*, for claimant.

GAWTHROP, *J.*, March 23, 1979—We have before us a petition for an injunction, filed by the executors of this estate, seeking to restrain Erma Moore, a claimant against the estate, from proceeding with a lawsuit against the executors, filed in the Court of Chancery of the State of Delaware. Ms. Moore opposes the aforesaid petition and has further filed a motion to defer the audit of the estate in this court, pending the conclusion of the litigation in the State of Delaware. Alternatively, she asks that we defer distribution of the subject stock to which she claims title, or that we establish a reserve for her claim.

### FACTS

Frances duPont Rust, a resident of Chester County, died on January 27, 1975 leaving a will dated April 30, 1973. Among decedent's assets at the time of her death were 65 shares of the stock of Frances, Inc., of which corporation she was sole

proprietor. In her will decedent bequeathed this stock to her daughter. The will was admitted to probate in the Orphans' Court Division of the Court of Common Pleas of Chester County, Pennsylvania, on February 6, 1975, and letters testamentary were granted to the executors on that date. The executors subsequently delivered the shares of stock to decedent's daughter.

On January 27, 1976 claimant, Erma Moore, filed a claim against the estate in the Orphans' Court Division of Chester County, alleging that she owned all shares of the stock of Frances, Inc., by virtue of an employment agreement between her and decedent. On January 27, 1978 claimant filed a complaint for specific performance in the Court of Chancery of the State of Delaware in and for New Castle County, captioned Civil Action no. 5512. This complaint names as defendants the executors of this estate, decedent's daughter, and Frances, Inc., a Delaware corporation, and seeks the specific performance of the alleged employment agreement to convey to Erma Moore the stock of Frances, Inc., at decedent's death. The issues before the Delaware Court are, therefore, identical to those in Chester County. In neither forum has the claim been heard on the merits. The estate has been called for audit before this court.

The executors urge that this court has both exclusive jurisdiction over the estate of decedent and the power to enjoin the litigation of a claim against the estate in another jurisdiction. They also point to the possibility of inconsistent verdicts and to the expense involved in twice litigating the same issues. Claimant argues that the Delaware Court has concurrent subject matter jurisdiction with this court, and, further, that Delaware has in personam jurisdiction over all the parties and can, therefore, effec-

tuate complete relief in one action. She further argues that Delaware, as the state of incorporation of Frances, Inc., has exclusive jurisdiction to determine any in rem issues regarding the stock of that corporation.

## ISSUE

Does this court have exclusive jurisdiction over Ms. Moore's claim against the estate of Frances duPont Rust? We have concluded that we do.

## DISCUSSION

By statute,[1] exclusive jurisdiction is vested in the orphans' court division to administer and distribute the real and personal property of decedents' estates;[2] to enforce specifically the performance of decedents' agreements;[3] and to adjudicate the title to personal property registered in the name of decedent or alleged to have been in the possession of the decedent at death.[4] The issues raised by Erma Moore's claim fall squarely within those categories and are, therefore, subject to the jurisdiction of this court.

The extent of the orphans' court's exclusive jurisdiction has been the subject of numerous opinions involving claims of concurrent jurisdiction in the courts of common pleas of this state,[5] and in the

---

1. 20 Pa.C.S.A. §711.

2. 20 Pa.C.S.A. §711(1).

3. 20 Pa.C.S.A. §711(13).

4. 20 Pa.C.S.A. §711(17).

5. See, e.g., Crisswell's Estate, 334 Pa. 266, 5 A. 2d 577 (1939); Sheehan Estate, 78 D. & C. 385 (1952).

Federal district courts,[6] although we are not aware of any opinions treating the precise issue raised here, concerning the courts of a sister state. We believe, however, that the rule set forth by the United States Supreme Court in Princess Lida v. Thompson, supra, fn. 6, is applicable in this context. That case involved a controversy between trustees who had filed an account in Fayette County, Pa., and the beneficiaries of the trust, who later brought suit against the trustees, alleging mismanagement, in the United States District Court for the Western District of Pennsylvania. Both the state court and the Federal court enjoined the parties from proceeding in the other court. The United States Supreme Court, in resolving the controversy, stated at 465-66:

". . . [I]f both courts were to proceed they would be required to cover the same ground. This of itself is not conclusive of the question of the District Court's jurisdiction, for it is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other. On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdic-

6. See, e.g., Princess Lida v. Thompson, 305 U.S. 456, 59 S. Ct. 275, 83 L. Ed. 285 (1939), aff'g Thompson v. FitzGerald, 329 Pa. 497, 198 Atl. 58 (1938); Craig Estate, 379 Pa. 157, 109 A. 2d 190 (1954), aff'g per curiam 3 D. & C. 2d 381, 109 A. 2d 192 (1954); Mellon Estate, 455 Pa. 294, 314 A. 2d 500 (1974); Wormley Estate, 67 D. & C. 616 (1949).

tion of the one court must yield to that of the other. We have said that the principle applicable to both Federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshall assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property."

This principle has been applied to the administration of decedent's estates by the orphans' courts, as well as to trusts, as both are considered to be quasi in rem proceedings. See, e.g., Craig Estate, supra, fn. 6; Morell Estate, 426 Pa. 528, 233 A. 2d 522 (1967); Evans v. McClellan, 133 F. Supp. 342 (M.D. Pa. 1955); Wormley Estate, supra, fn. 6.

As in Princess Lida, supra, we would be unable effectively to exercise the jurisdiction vested in us without a substantial measure of control over the assets of the estate were the Delaware court to exercise its concurrent in personam jurisdiction. Our jurisdiction is, therefore, exclusive, the suit in Delaware having been instituted only after our quasi in rem jurisdiction attached. The orderly and efficient administration of estates requires this result: Craig Estate, supra.

We are not persuaded by claimant's reliance on Nichols Estate, 24 D. & C. 2d 247 (1961), to support the proposition that in rem jurisdiction is exclusively vested in the courts of Delaware as the state of incorporation of the subject stock. Nichols holds that the state of incorporation does not have the power to treat the shares as a local asset if the

courts of another state have acquired in rem jurisdiction over them from their physical presence in the latter state. The shares having been in the possession of the decedent at the time of her death, this court acquired such jurisdiction prior to the filing of the Delaware action. See 20 Pa.C.S.A. §711(17); Nichols Estate, supra. This result is consistent with the holding and reasoning in Princess Lida, supra.

In short, not only do we conclude that we have the legal authority to enjoin the collateral suit in Delaware, but we also consider such an injunction to be an appropriate exercise of our discretion. To adjudicate all of the issues raised in an estate in one court simplifies the administration of the estate. The practical advantages of the resulting unity we deem self-evident.

With respect to claimant's request that we establish a reserve for the claim pursuant to 20 Pa.C.S.A. §3389, we note that the remaining principal balance of decedent's estate exceeds $1,000,000 and is being held in trust by the executors. Consequently, we do not consider it necessary to establish a reserve for this claim, which is in the approximate amount of $60,000 as the estate will surely have sufficient moneys to pay the claim, should it be found meritorious.

Accordingly, we enter the following

## DECREE NISI

And now, March 23, 1979, claimant, Erma Moore, is hereby enjoined from further proceeding in Civil Action no. 5512 in the Court of Chancery of the State of Delaware in and for New Castle County, and is further enjoined from instituting any other suit concerning the subject shares of stock in this case, in any court other than the Orphans' Court

Division of the Court of Common Pleas of Chester County, in accordance with the foregoing opinion.

GAWTHROP, *J.*, February 28, 1980—

## ADJUDICATION SUR EXCEPTIONS

We have reviewed the exceptions filed to our adjudication and decree nisi, considered the brief in support thereof, and after due deliberation, we are convinced of the validity of our original analysis of this case. Because we believe the issues raised by the exceptions have already been treated in our initial adjudication, we consider that any further discussion would be a redundant exercise. Accordingly, we make the following

## DECREE ABSOLUTE

The exceptions are dismissed.